# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN CARTER,

      Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,

      Agency.

DOCKET NUMBER
NY-0752-16-0120-I-1

DATE: October 6, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Carter</u>, Hillside, New Jersey, pro se.

<u>Jeremy A. Linden</u>, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).[2]

¶2     The appellant retired from his position as a Social Insurance Specialist. Initial Appeal File (IAF), Tab 10 at 87. He filed the instant appeal asserting that his retirement was involuntary and requested a hearing. IAF, Tab 1. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding the requested hearing, finding that the appellant failed to nonfrivolously allege that his retirement was coerced. IAF, Tab 11, Initial Decision (ID). The appellant has filed a petition for review, and the

---

[2] The appellant also filed a motion seeking leave to remove from the record a statement he provided to an equal employment opportunity (EEO) investigator because it is "a false statement that misrepresented the statement the [appellant] actually gave to the EEO investigator . . . ." Petition for Review File, Tab 6 at 1. The appellant's request to have this evidence removed from the record is denied because his statement to the EEO investigator, while perhaps pertinent to claims he may be raising in his EEO discrimination complaint, would have no bearing on the Board's determination of the dispositive issue in this case—whether the appellant raised a nonfrivolous allegation that his retirement was involuntary and therefore within the Board's jurisdiction.

agency has responded in opposition to the petition.  Petition for Review (PFR) File, Tabs 1, 3.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    An employee's retirement is presumed to be a voluntary action and, as such, is not within the Board's jurisdiction.  *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010).  However, an involuntary retirement or resignation is tantamount to a removal and, accordingly, is appealable to the Board. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).  If an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence.  *Id.* at 1344; *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

¶4    Here, the appellant asserted that, after he had to exhaust all of his leave when recovering from an illness, his office manager denied him 30 days of advanced sick leave for no legitimate reason.  IAF, Tab 1.  He argued that he "had to retire in order to receive pay."  *Id.*  The administrative judge agreed with the agency that the appellant's claims did not amount to a nonfrivolous allegation that his working conditions became so intolerable that a reasonable person in his position would have felt compelled to retire.  ID at 6.  Specifically, she found that the agency's decision to deny the appellant's request for advanced sick leave, while allowing him to remain on unpaid leave until he was able to return to work,

---

[3] On review, the appellant submits a 2012 letter from the agency's EEO specialist memorializing a telephone conversation regarding his EEO complaint.  PFR File, Tab 1 at 5.  The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).   The appellant has not indicated why this evidence was previously unavailable, and thus we do not consider it.

did not constitute working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to retire.[4] ID at 7.

¶5      To establish involuntariness on the basis of coercion, an employee must show the following:  (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.  *Garcia*, 437 F.3d at 1329.  The appellant's dissatisfaction with an agency decision that it was authorized to take, such as the denial of leave, does not constitute coerced involuntariness.  *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).  Additionally, the appellant's desire to avoid financial hardship would not establish that his choice to retire was involuntary.  *Baker v. U.S. Postal Service*, 84 M.S.P.R. 119, 129-30 (1999).  Accordingly, we agree with the administrative judge that the appellant failed to nonfrivolously allege that his retirement was involuntary.  *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that the appellant failed to nonfrivolously allege that his resignation was involuntary when he claimed that his supervisor denied his request for advanced leave, spoke to him disrespectfully, and did not assist with his work and that another official refused to grant him an education waiver that would have allowed him to apply for certain vacancies).

¶6      On review, the appellant generally asserts that the agency discriminated against him based upon his disability, age, and protected status and that the agency retaliated against him for his prior equal employment opportunity (EEO) activity.  PFR File, Tab 1 at 7-8.  The Board addresses allegations of discrimination and retaliation in connection with an alleged involuntary

---

[4] To the extent that the initial decision referred to the preponderant evidence standard as opposed to the nonfrivolous allegation standard, ID at 6-8, we clarify that the Board applies the nonfrivolous allegation standard to determine whether the appellant is entitled to a hearing on the jurisdictional issue, *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014).

retirement only insofar as those allegations relate to the issue of voluntariness. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). We find that the appellant's conclusory allegations do not provide a reason for disturbing the administrative judge's finding that he failed to nonfrivolously allege that his retirement was involuntary.[5] *See id.*, ¶ 15 (finding that the appellant failed to nonfrivolously allege that the agency coerced her retirement when, prior to her retirement, she was pursuing her discrimination claims through the EEO process and the record did not indicate that the claims were not being properly considered).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] In light of our finding that the Board lacks jurisdiction over this appeal, we need not address whether the appeal was timely filed. *Alston v. Social Security Administration*, 95 M.S.P.R. 252, ¶ 19 (2003), *aff'd*, 120 F. App'x 825 (Fed. Cir. 2005).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.